JENNIFER L. FALK (#4568)
STEVEN G. LOOSLE (#4874)
KRUSE LANDA MAYCOCK & RICKS, LLC
136 East South Temple, Suite 2100
P. O. Box 45561
Salt Lake City, Utah  84145-0561
Telephone:  (801) 531-7090
Facsimile:  (801) 531-7091
Email: JFalk@klmrlaw.com
Email: SLoosle@klmrlaw.com

KELLI L. SAGER (pro hac vice pending)
DIANA PALACIOS (pro hac vice pending)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Phone:  (213) 633-6800
Facsimile: (213) 633-6899
E-mail: kellisager@dwt.com

Attorneys for Defendants Robert Carliner, Robert Duvall,
and Wild Horses Productions Entertainment LLC

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RIVERBEND RANCH EQUESTRIAN CENTER LLC, a Utah Limited Liability Company; and TAMARA RAE LARSEN, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT DUVALL, an individual; ROBERT CARLINER, an individual; WILD HORSES PRODUCTIONS ENTERTAINMENT LLC, a Canceled California Limited Liability Company; and JOHN DOE DEFENDANTS I - XX,<br><br>Defendants. | NOTICE OF REMOVAL<br><br>Case No. 2:15-cv-00751-JNP<br><br>(Removed from the Utah Third Judicial District, Case No. 150906533) |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Robert Carliner ("Carliner"), with the consent of Defendants Wild Horses Productions Entertainment, LLC ("WHPE") and Robert Duvall ("Duvall"), hereby remove this action from the Third Judicial District Court for Salt Lake County, State of Utah, ("State Action") on the basis of diversity jurisdiction.  Carliner asserts the following facts in support of this Notice of Removal:

## BACKGROUND

1. On or about September 11, 2015, Plaintiffs Riverbend Ranch Equestrian Center LLC ("RREC") and Tamara Rae Larsen ("Larsen") (collectively "Plaintiffs") filed this State Action, naming as Defendants Duvall, Carliner, and WHPE (collectively, "Defendants").  A true and correct copy of the original Complaint and related papers is attached as **Exhibit A.**

2. Duvall was served on September 2, 2015.  A true and correct copy of the Affidavit of Personal Service is attached as **Exhibit B.**

3. WHPE and Carliner were served on October 2, 2015, pursuant to a Stipulation accepting service.  A true and correct copy of the Stipulation and Acceptance of Service is attached as **Exhibit C.**

4. All other documents filed in the State Action (excluding those in **Exhibits A-C**) are attached as **Exhibit D**.

5. In the Complaint, Plaintiffs purport to state claims for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory judgment, and injunctive relief.  See Ex. A (Complaint) ¶ 7.

**GROUNDS FOR REMOVAL**

6. This Notice of Removal is timely filed because it was filed within thirty days of service on Defendant Carliner, and within one year of the commencement of the action. See 28 U.S.C. § 1446(b), (c)(1). See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354; 119 S. Ct. 1322, 1328; 143 L. Ed. 2d 448, 459 (1999) (30-day removal period runs from service of summons and complaint). No previous application has been made for the relief requested here.

7. Venue is proper under 28 U.S.C. § 1441(a) because the Third Judicial District is within the geographic boundaries of the District of Utah.

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and the action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446 because Plaintiffs and Defendants are "citizens of different States" and are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs:

   a. Upon information and belief, Plaintiff Larsen is a resident of Utah. See Ex. A (Complaint) ¶ 10.

   b. Upon information and belief, Plaintiff RREC is a Utah limited liability company, whose sole member is Plaintiff Larsen, a resident of Utah. Accordingly, RREC is citizen of Utah. See Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233, 1234 (10th Cir. 2015) ("an LLC, as an unincorporated association, takes the citizenship of all its members").

   c. At the time the Complaint was filed, and at all times through the present, Carliner was and is a resident of California.

d.  At the time the Complaint was filed, and at all times through the present, Duvall was and is a resident of Virginia.

e.  At the time the Complaint was filed, and at all times through the present, WHPE was and is a Delaware limited liability corporation, whose sole members were and are Duvall, a resident of Virginia, and Carliner, a resident of California. Accordingly, WHPE is a citizen of California and Virginia.  Siloam Springs Hotel, 781 F.3d at 1234.

f.  Pursuant to 28 U.S.C. § 1441(a), "[f]or purposes of removal … the citizenship of defendants sued under fictitious names shall be disregarded."  Thus, the fictitiously named defendants "John Doe Defendants I - XX" in this action shall be disregarded for purposes of evaluating diversity jurisdiction.

g.  Plaintiffs allege the amount in controversy in this matter exceeds the sum or value of $75,000.  Specifically, by their Complaint, Plaintiffs seek in excess of $2 million in damages.[1]  See Ex. A (Complaint) at pp. 14, 15, 18.  In measuring the amount in controversy for purposes of diversity jurisdiction, "[a] plaintiff's allegations in the complaint alone can be sufficient to make [the amount in controversy] showing."  Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1183 (10th Cir. 2000).  Plaintiffs also filed the State Action as a Tier 3 action under Rule 26(c) of the Utah Rules of Civil

---

[1] Defendants dispute Plaintiffs' claims, and deny that Plaintiffs are entitled to any amount from Defendants.  In evaluating the amount in controversy, however, the Court looks only at Plaintiffs' allegations to see if the amount of damages sought exceeds the jurisdictional threshold; it does not assess the likelihood that damages would be awarded, or the amount of damages that would be awarded if the plaintiff(s) are successful.  See McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) ("[t]he amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation").

Procedure, meaning they are claiming damages of at least $300,000.  See Utah R. Civ. P. 26(c)(3).

9. Pursuant to 28 U.S.C. § 1446(b)(2), all of the named Defendants – Duvall, Carliner, and WHPE – consent to removal.  No other party has been joined or served.

10. Copies of all pleadings and papers previously filed in the State Action are attached as **Exhibits A-D.**

11. Pursuant to 28 U.S.C. § 1446(d), concurrently with the filing of this Notice of Removal, Carliner is providing written notice of the removal of the State Action to all known parties and to the Clerk of Court for the Third Judicial District Court for Salt Lake County, State of Utah, in the form attached as **Exhibit E** (without exhibit).

12. This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

13. By filing this Notice of Removal, Defendants do not waive any defenses, objections, or counterclaims, which may be available to them, or which may be asserted in an answer or other pleading filed in response to the Complaint.

## CONCLUSION

14. Accordingly, Carliner has complied with all applicable terms of 28 U.S.C. § 1446, and hereby removes the State Action from the Third Judicial District Court for Salt Lake County, State of Utah, to this Court, and respectfully requests that further proceedings be conducted in this Court as provided by law.

DATED: October 22, 2015.

                          KRUSE LANDA MAYCOCK & RICKS, LLC

                          /s/*Steven G. Loosle*
                          JENNIFER L. FALK
                          STEVEN G. LOOSLE
                          Attorneys for Defendants Robert Carliner, Robert Duvall, and Wild Horses Productions Entertainment LLC