JENNIFER L. FALK (#4568)
STEVEN G. LOOSLE (#4874)
KRUSE LANDA MAYCOCK & RICKS, LLC
136 East South Temple, Suite 2100
P. O. Box 45561
Salt Lake City, Utah 84145-0561
Telephone:  (801) 531-7090
Facsimile:  (801) 531-7091
Email:  JFalk@klmrlaw.com
Email:  SLoosle@klmrlaw.com

KELLI L. SAGER (pro hac vice)
DIANA PALACIOS (pro hac vice)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899
Email:  kellisager@dwt.com
Email:  dianapalacios@dwt.com

Attorneys for Defendants Robert Duvall,
Robert Carliner, and Wild Horses Productions
Entertainment LLC

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RIVERBEND RANCH EQUESTRIAN CENTER LLC, a Utah Limited Liability Company; and TAMARA RAE LARSEN, an Individual,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>ROBERT DUVALL, an individual; ROBERT CARLINER, an individual; WILD HORSES PRODUCTIONS ENTERTAINMENT LLC, a Canceled California Limited Liability Company; and JOHN DOE DEFENDANTS I - XX,<br><br>                    Defendants. | Case No. 15-cv-00751-JNP-EJF<br><br>**MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM BY DEFENDANT WILD HORSES PRODUCTIONS ENTERTAINMENT LLC; DECLARATION OF KELLI L. SAGER WITH EXHIBITS A AND B** |

| | |
|---|---|
| WILD HORSES PRODUCTIONS ENTERTAINMENT LLC, a Delaware Limited Liability Company;<br><br>      Counterclaimant,<br><br>vs.<br><br>RIVERBEND RANCH EQUESTRIAN CENTER LLC, a Utah Limited Liability Company; and TAMARA RAE LARSEN, an Individual,<br><br>      Counter-Defendants. | |

## MOTION

Pursuant to Federal Rule of Civil Procedure 15, Defendant and Counterclaimant Wild Horses Productions Entertainment LLC ("WHPE") moves for leave to amend its Counterclaim to name Riverbend Ranch Equestrian Center LLC ("Riverbend Ranch") as a counter-defendant in its first counterclaim and to eliminate its second counterclaim. A copy of the Proposed Amended Counterclaim is attached as Exhibit A pursuant to DUCivR 15-1.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  SUMMARY OF ARGUMENT

WHPE seeks leave to amend its Counterclaim to ensure that all of the correct parties are before the Court, so that WHPE's rights are fully protected, and to streamline this action by reducing the number of issues before this Court. Specifically, WHPE requests leave to amend to name Riverbend Ranch as a counter-defendant in its first counterclaim, which currently only names Plaintiff Tamara Larsen ("Larsen") as a counter-defendant, and to dismiss its second counterclaim in its entirety. WHPE's Proposed Amended Counterclaim contains only one new allegation – that Larsen acted as an individual, and as a member of Riverbend Ranch – which is derived from allegations in Plaintiffs' amended answer. None of the parties will be prejudiced

1

by the proposed amendment because the case is at an early stage: no scheduling order has issued, no trial date has been set, and discovery has not begun. WHPE brought this motion promptly, and does so in good faith. Because Plaintiffs would not be prejudiced by the proposed amendment, the Court should grant WHPE's motion and permit it to file the Amended Counterclaim.

## II. BACKGROUND

This action arises from an agreement between WHPE and Riverbend Ranch that permitted WHPE to film the feature-length movie "Wild Horses" ("Film") at Riverbend Ranch for which WHPE paid Plaintiffs $28,750.00 ("Location Agreement"). On or about September 11, 2015, Plaintiffs filed this action in the Third Judicial District Court for Salt Lake County, naming as defendants actor Robert Duvall, produced Robert Carliner, and WHPE (collectively, "Defendants"). Notice of Removal, Dkt. # 1. Carliner removed this action on October 23, 2015, and all the Defendants answered the Complaint on October 30, 2015. See Dkt. ## 1, 8-10. Along with its Answer, WHPE also filed two Counterclaims against Plaintiffs: WHPE's first counterclaim alleged that Larsen breached the Location Agreement by posting two classified advertisements in connection with the Film, without WHPE's consent. See Countercl., Dkt. # 10, ¶¶ 18-23. WHPE's second counterclaim alleged that Larsen and Riverbend Ranch breached the Location Agreement by interfering with WHPE's filming and interfering with WHPE's full use and enjoyment of Riverbend Ranch. See id. ¶¶ 24-28 (erroneously numbered ¶¶ 1-5 in WHPE's Counterclaim).

Three weeks after a response was due, Plaintiffs finally filed an answer to the counterclaim. Dkt. # 11 (December 14, 2015). Plaintiffs filed an amended answer on December 22, 2015. Am. Answer, Dkt. # 13. In the amended answer, Plaintiffs assert as their forty-fourth affirmative defense that Larsen "acted within the scope of her capacity as member of Riverbend

2

Ranch Equestrian Center, LLC, and not individually." Id. at p. 20.  In light of this new allegation, and in an attempt to streamline the issues before this Court, WHPE reached out to Plaintiffs' counsel to determine whether Plaintiffs would agree to enter into a stipulation allowing each side to amend their respective pleadings, as Plaintiffs' counsel previously had expressed an interest in amending the Complaint.  See attached Declaration of Kelli Sager ("Sager Decl."), ¶¶ 3-4, Ex. B.  To date, Plaintiffs' counsel has not responded substantively to WHPE's inquiry.  Id. ¶ 5.

### III.  LEAVE TO AMEND THE COUNTERCLAIM SHOULD BE GRANTED.

Rule 15(a) of the Federal Rules of Civil Procedure addresses amending pleadings and provides that "the court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits.'"  Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting Hardin v. Manitowoc–Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)).  The Tenth Circuit has repeatedly recognized the policy in favor of liberally granting motions to amend.  Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo., 771 F.3d 697, 706 (10th Cir. 2014) ("[t]he liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits.") (citation omitted).  Because leave to amend should be "freely given," courts routinely grant leave to amend absent an "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  Applying the above factors, and under the liberal standard of Rule 15, the Court should grant WHPE request to amend its Counterclaims.

3

First, the proposed amendments will not prejudice Plaintiffs. The Tenth Circuit has determined that the "most important [ ] factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." Minter, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" Id. at 1208. Prejudice typically happens "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." Id. Under this factor, "the non-movant bears the burden of demonstrating sufficient prejudice to warrant denial." Lauer v. Credit Collection Servs., No. 1:14-CV-00062-DN, 2015 WL 1623031, at *1 (D. Utah Apr. 13, 2015) (unpublished). Here, Plaintiffs will not be able to meet their burden of demonstrating prejudice, because they have known of the facts underlying WHPE's first counterclaim for months, and the allegations in the Proposed Amended Counterclaim are substantially the same. See Gillette v. Tansy, 17 F.3d 308, 313 (10th Cir.1994) (finding no evidence of prejudice when the "Petitioner's [amended] claims track the factual situations set forth in his [original] claims"). The only new allegation in the Proposed Amended Counterclaim is that Larsen posted the two classified advertisements as an individual and as a member of Riverbend Ranch – an allegation that arises from information disclosed in Plaintiffs' Amended Answer. See Am. Answer, Dkt. # 13, at p. 20. The Proposed Amended Counterclaim will not expand the scope of discovery (and in fact will narrow the scope of discovery by eliminating one of WHPE's two claims) nor will it cause any delay in the case. Because discovery has not commenced and no pretrial deadlines have been set, Plaintiffs have ample time to take discovery and prepare their defense, if any.

Second, WHPE has not unduly delayed in making the request.[1]  This case is in its early stages.  The Court has not set a scheduling conference, there is no discovery cut-off date, and no trial date has been set.  Nor has discovery commenced.  WHPE would have moved to amend earlier, but WHPE asked Plaintiffs' counsel to stipulate to allowing each side to amend their respective pleadings and waited for Plaintiffs' counsel to respond, which she never did.  Sager Decl. ¶¶ 3-4.  Thus, WHPE is seeking leave to amend its Counterclaim at an early stage before Plaintiffs have expended any resources on this matter in discovery.  See Patterson-UTI Drilling Co., LLC v. Tri-State Trucking, LLC, No. 2:09-CV-01045 DN, 2010 WL 4922522, at *2 (D. Utah Nov. 29, 2010) (no undue delay because the action was "in the early stages of litigation"); Salt Lake Tribune Publ'g Co., LLC v. Mgmt. Planning, Inc., No. 2:03CV565 PGC, 2006 WL 3692660, at *3 (D. Utah Dec. 12, 2006) (same).

Third, WHPE is acting in good faith, seeking this amendment to conserve party and judicial resources.  WHPE is streamlining this action by dismissing its second counterclaim.  WHPE's good faith also is demonstrated by the fact this Motion is brought now despite there being no current deadline to amend and the Proposed Amended Counterclaim is substantially the same as the Counterclaim; therefore, discovery will not differ substantially.  See Wakefield Kennedy, LLC v. Baldwin, No. 2:11-CV-00604-DN-EJF, 2012 WL 5289789, at *1 (D. Utah Oct. 23, 2012) (finding no undue delay or bad faith "given that Plaintiff filed the Motion before the deadline and the discovery would not differ substantially from what had already occurred") (unpublished).  If anything, discovery narrows significantly given the dismissal of an entire claim.

---

[1] The Tenth Circuit has explained that "[l]ateness does not of itself justify the denial of the amendment."  Minter, 451 F.3d at 1205 (quoting R.E.B., Inc. v. Ralston Purina Co., 525 F.2d 749, 751 (10th Cir. 1975)).

Fourth, this is WHPE's first request to amend any pleadings.

Finally, WHPE's proposed amendments are not futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Probert v. The Clorox Co., 258 F.R.D. 491, 494 (D. Utah 2009) (quoting Lind v. Aetna Health, Inc., 466 F.3d 1195, 1199 (10th Cir .2006)). "In determining whether Defendant's counterclaim would be subject to dismissal, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to Defendant." Id.; see also Patterson-UTI Drilling Co., LLC, No. 2:09-CV-2010 WL 4922522, at *1 ("The court would consider the proposed amended complaint futile only if it fails to state a valid position.") Here, futility is not a concern because WHPE is not adding any new claims. Rather, WHPE is eliminating a claim and merely adding one new allegation. WHPE already has stated a breach of contract claim in its Counterclaim against Larsen for posting two classified advertisements that referenced the Film without WHPE's consent in violation of the Location Agreement and WHPE only is adding Riverbend Ranch as a counter-defendant based on Plaintiffs' allegation that Larsen was acting as a member of Riverbend Ranch. Given that Larsen already has answered this claim and she is the sole owner of Riverbend Ranch, WHPE "ought to be afforded an opportunity to test [its] claim on the merits." Hom v. Squire, 81 F.3d 969 (10th Cir. 1986). Otherwise, WHPE will be unable to obtain full relief for the damage caused by all parties who have breached the Location Agreement.

///

///

## IV. CONCLUSION

For these reasons, the Court should grant this motion so that both parties will have the "the maximum opportunity" to have their claims decided on the merits as justice requires. See Minter, 451 F.3d at 1204.

DATED: May 4, 2016

KRUSE LANDA MAYCOCK & RICKS, LLC
JENNIFER L. FALK
STEVEN G. LOOSLE

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
DIANA PALACIOS


By: */s/ Kelli L. Sager*
       Kelli L. Sager

Attorneys for Defendants Robert Carliner, Robert Duvall, and Wild Horses Productions Entertainment LLC

## **DECLARATION OF KELLI L. SAGER**

I, Kelli L. Sager, declare:

1. I am a partner in the law firm of Davis Wright Tremaine LLP, counsel for Defendant and Counterclaimant Wild Horses Productions Entertainment LLC ("WHPE") in this matter. The matters stated below are true of my own personal knowledge, except for those stated on information and belief, which I believe to be true.

2. A true and correct copy of WPHE's Proposed Amended Counterclaim is attached as Exhibit A.

3. On March 2, 2016, I emailed Joann Shields, counsel for Plaintiffs Riverbend Ranch Equestrian Center LLC and Tamara Rae Larsen (collectively "Plaintiffs"), asking her whether she would enter into a stipulation allowing both parties to amend their respective pleadings. This email followed a prior communication in which Ms. Shields had expressed an interest in amending Plaintiffs' pleadings. Attached as Exhibit B is a true and correct copy of my March 2 email.

4. When I did not receive a response to my March 2 email, I sent a follow-up email to Ms. Shields on March 18, 2016. On March 21, 2016, Ms. Shields responded that she was out of the office and would respond when she returned on March 28.

5. I did not receive any further response. On April 4, 2016, I emailed Ms. Shields again, asking if she would stipulate to our request to amend the pleadings. As of the filing of this Motion, I have not received any response from Ms. Shields.

///

///

1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on May 4, 2016 at Los Angeles, California.

                                                /s/ Kelli L. Sager
                                                   Kelli L. Sager