JOANN SHIELDS (4664)
SHIELDS LAW FIRM, P.C.
13636 Vestry Road, Suite 1000
Draper, Utah   84020
Tel. (801) 816-9592
Fax (801) 816-9593
*jshields@shieldslawfirm.net*

*Attorneys for Plaintiffs Tamara Rae Larsen*
*and Riverbend Ranch Equestrian Center, LLC*

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
_____

| | |
|---|---|
| RIVERBEND RANCH EQUESTRIAN CENTER, LLC, a Utah Limited Liability Company; and TAMARA RAE LARSEN, an Individual, | **PLAINTIFFS' FED. R. CIV. P. 6(b)(1)(B) MOTION FOR EXTENSION OF TIME** |
| Plaintiffs, | |
| vs. | Civil No. 2:15-cv-00751-JNP-EJF |
| ROBERT DUVALL, an individual; ROBERT CARLINER, an individual; WILD HORSES PRODUCTIONS ENTERTAINMENT LLC, a Canceled California Limited Liability Company; and JOHN DOE DEFENDANTS I - XX, | The Honorable Jill Parrish |
| Defendants. | |

_____

Plaintiff Tamara Rae Larsen, by and through her counsel, Joann Shields, of and for Shields Law Firm, P.C., hereby submits the following PLAINTIFFS' FED. R. CIV. P. 6(b)(1)(B) MOTION FOR EXTENSION OF TIME.

## ARGUMENT

### THE REQUEST FOR EXTENSION SATISFIES ALL
### FED. R. CIV. P. 6(b)(1)(B) CRITERIA FOR A GOOD FAITH EXTENSION OF TIME

Under Local Rule DUCivR 7-1(b)(4)(A), Ms. Larsen's and Riverbend Ranch Equestrian Center LLC's Memorandum in Opposition to Renewed Motion for Leave to File Amended Counterclaim was due yesterday, March 27, 2017. On that day, their counsel, Joann Shields' office tried to file the Response but kept receiving a message to the effect that she was not an authorized systems user. Ms. Shields herself attempted login and received the same message. Because the PACER Help Desk was closed, Ms. Shields had to wait until it opened before getting the help necessary to allow her to file. After resetting her login information, Ms. Shields was able to file the Response as well as this motion for an extension of time to respond.

Fed. R. Civ. P. 6(b)(1)(B) provides: "When an act must be done within a specified time, the court may, for good cause extend the time . . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

This motion is equitable in nature, and the Court has discretion to grant it. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd Partnership*, 507 U.S. 380, *passim* (1993). The *Pioneer* Court allowed late filing and stated the following concerning the standards governing a court's discretion under Rule 6(b)(1)(B): "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control. *Id*. at 388.

Because Congress has provided no other guideposts for determining what sorts of neglect

will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id*. at 395 (footnotes and citations omitted.)

"The lack of any prejudice to the [opposing party] or to the interests of efficient judicial administration, combined with the good faith of [the filing party] and their counsel, weigh strongly in favor of permitting the tardy [filing]." *Id*. at 398.

In this case, the delay was seven hours during the middle of the night when no rational person should be reading legal briefs. It is likely that both the Court and opposing party will receive the Response on the same date they would have received it had it been filed before midnight. No hearing date has been set. Ms. Shields' clients had no involvement in the delay. The brief delay will not prejudice the opposing parties or impact judicial proceedings. The delay was beyond Ms. Shields' control, and she acted in good faith by filing the Response as expeditiously as possible under the circumstances.

## **CONCLUSION**

Ms. Larsen and RRLLC therefore request that the extension be granted and the Response be deemed timely filed.

DATED this 28th day of March 2017.

Respectively submitted,

SHIELDS LAW FIRM, P.C.


/s/ Joann Shields

_____
JOANN SHIELDS

*Attorneys for Plaintiffs Tamara Rae Larsen
and Riverbend Ranch Equestrian Center, LLC*